# EXHIBIT "A"

Copy
2 18720

# IN THE CIRCUIT COURT OF DAVIDSON COUNTY, TENNESSEE

FILED
2015 JUN 12 PM 12: 24
RICHARD R. ROOKER, CLERK

_____
D.C.

SHANNON BASEMAN, individually and as
Wrongful Death Representative of the
ESTATE OF TAYLOR NIXON, Deceased; and
DONNA TAYLOR, individually and as Personal
Representative of the ESTATE OF ROBERT
UNDERFINGER, III, Deceased,

      Plaintiff,

v.

JUSTIN HOSKINS, an individual,
STEPHANIE CROSS, an individual,
JASON CROSS a/k/a MIKEL KNIGHT, an individual,
1203 ENTERTAINMENT, LLC,
MDRST MARKETING/PROMOTIONS, LLC,
d/b/a MAVERICK DIRT ROAD STREET TEAM,
and DOE DEFENDANTS A, B, C, D, and E, being those individuals or business entities
who were the owners of the vehicles being operated at the time of the collision and/or the
employers of the Plaintiff at the time of the collision and/or who are otherwise responsible
for the Plaintiff's damages as alleged herein, and whose identities are unknown to the
Plaintiff at this time but who will be added be amendment when ascertained,

      Defendants.

CASE NO. 15C2301

JURY DEMAND

---

## COMPLAINT

---

    COME NOW Plaintiffs, Shannon Baseman, as Wrongful Death Representative of the
ESTATE OF TAYLOR NIXON, Deceased, and Donna Taylor as the Personal Representative of
the ESTATE OF ROBERT UNDERFINGER, Deceased and asserts this claim for wrongful
death and states as follows:

### PARTIES AND JURISDICTION

    1.    Plaintiff Shannon Baseman, is over the age of nineteen and a resident of Crook
County, Wyoming and is the duly appointed Wrongful Death Representative of the Estate of
Taylor Nixon, Deceased, (hereafter "NIXON").

    2.    Plaintiff Donna Taylor, is over the age of nineteen and a resident of Covington
County, Alabama and is the duly appointed Personal Representative of the Estate of Robert
Underfinger, III, Deceased, (hereafter "UNDERFINGER").

1

Copy

3.    Upon information and belief, the Defendant Justin Hoskins (hereafter "HOSKINS") is a citizen and resident of Nashville, Davidson County, Tennessee.

4.    Upon information and belief, the Defendant Stephanie Cross (hereafter "Cross") is a citizen and resident of Mt. Juliet, Wilson County, Tennessee.

5.    Upon information and belief, the Defendant Jason Cross a/k/a Mikel Knight (hereafter "Knight") is a citizen and resident of Mt. Juliet, Wilson County, Tennessee.

6.    Upon information and belief, the Defendant 1203 Entertainment, LLC, (hereafter "1203 Entertainment") is a limited liability company formed under the laws of the State of Tennessee with a principal place of business of 14919 Lebanon Road, Suite B, Old Hickory, Davidson County, Tennessee.

7.    Upon information and belief, the Defendant MDRST Marketing/Productions, LLC d/b/a Maverick Dirt Road Street Team d/b/a MDRST, (hereafter "MDRST") is a limited liability company formed in Tennessee and whose principal place of business is 14919 Lebanon Road, Suite B, Old Hickory, Davidson County, Tennessee.

8.    Doe Defendants A, B, C, D, and E are those individual persons, firms, corporations, or other entities who were the owners of the vehicles being operated at the time of the collision complained of herein; and/or who were the employers of the Plaintiff Decedents, Taylor Nixon and Robert Underfinger at the time of the collision complained herein; and/or who are otherwise responsible for the for the damages incurred by the Plaintiffs and whose true names are otherwise unknown but will be substituted by amendment when ascertained.

9.    The accident that forms the basis for this lawsuit occurred in Donley County, Texas on or about June 16, 2014.

10.    The amount in controversy, exclusive of attorney fees and costs, exceeds the minimum jurisdictional requirements of this Court.

11.    Jurisdiction and venue are appropriate in this Court because the State of Tennessee and more specifically Davidson County, Tennessee has the most significant relationship to this cause of action. Jurisdiction and venue are properly situated pursuant to *Tenn. Code. Ann.* § 20-4-101(a) and *Tenn. Code. Ann.* § 16-10-101.

12.    This action is filed within one year of the date of the accident on which this complaint is based.

13.    This action is filed under the Texas Wrongful Death Act, Chapter 71, Title 4, Texas Civil Practice and Remedies Code.

2



## GENERAL ALLEGATIONS AND STATEMENT OF FACTS

14. On or about June 16, 2014 Plaintiff Decedents were working as members of the Maverick Dirt Road Street Team (MDRST).

15. As such, on or about June 16, 2014 Plaintiff Decedents were employed by or controlled by Cross and/or Knight and/or 1203 Entertainment and/or MDRST and/or Doe Defendants A-E.

16. As a member of the MDRST, several times each year, Plaintiff Decedents were to meet up with other members of MDRST or of the other Defendants in Davidson County, Tennessee to receive training and instruction and to begin "tours" across various parts of the United States marketing the music of MDRST and/or Cross and/or Knight and/or 1203 Entertainment and/or MDRST and/or Doe Defendants A-E.

17. Upon departing from Davidson County, Tennessee Plaintiff Decedents would then travel throughout the United States with other members of the MDRST selling compact discs of the music of recording artist Mikel Knight (aka Jason Cross) at the direction of and for the profit of Mikel Knight, 1203 Entertainment, MDRST and/or Doe Defendants A-E.

18. At the conclusion of said "tours," Plaintiff Decedents were to return to Davidson County, Tennessee to get paid.

## COUNT ONE:
### (Negligence, Willfulness, Wantonness and/or Recklessness of Defendants)

19. Plaintiffs hereby incorporate by reference the foregoing paragraphs as if fully recited herein.

20. Plaintiff Decedents agreed to participate in the work of Defendants Cross and/or Knight and/or 1203 Entertainment and/or MDRST after said Defendants represented to them that they would be trained, they would be provided a safe environment in which to work, they would be allowed to make music and they would be paid for their labor on behalf of said Defendants.

21. On or about June 16, 2014, Plaintiff was a passenger in a Chevrolet Express Van having a VIN 1GAHG35U651233323, being driven by Defendant Hoskins in furtherance of the business interests of Defendants Cross and/or Knight and/or 1203 Entertainment and/or MDRST.

22. At said time and place, the Chevrolet Express van was owned or controlled by Cross and/or Knight and/or 1203 Entertainment and/or MDRST, and/or Doe Defendants A-E.

23. On said date, Defendant Hoskins was driving said van heading south on Texas State Road 273 in Donley County, Texas, and which Plaintiff Decedents, Nixon and Underfinger were passengers.

3

Copy

24. At said date and place, Defendants Cross and/or Knight and/or 1203 Entertainment and/or MDRST owed Plaintiff Decedents Nixon and Underfinger the duty to provide a safe work place.

25. In violation of said duties owed, Defendants Cross and/or Knight and/or 1203 Entertainment and/or MDRST required Defendant Hoskins to operate said van despite the fact that he had become fatigued due to a pattern of inadequate rest and sleep.

26. Moreover, at all times material hereto, it was the duty of the Defendant Hoskins to exercise reasonable care in driving said van.

27. In violation of the Rules of the Road, Defendant Hoskins operated the van at a high rate of speed while fatigued.

28. While Defendant Hoskins was driving the van south on Texas State Road 273, he fell asleep at the wheel and the van traveled into the west ditch, Hoskins awoke, overcorrected the vehicle which went into the east ditch of Texas 271, rolling numerous times and ejecting Nixon and Underfinger.

29. Defendants Cross and/or Knight and/or 1203 Entertainment and/or MDRST and/or Doe Defendants A-E knew or should have known Defendant Hoskins was operating their van while fatigued, but the Defendants allowed or required Hoskins to continue to operate the van while fatigued, and in fact, required or encouraged Hoskins and Plaintiff Decedents to work long hours and afforded them little opportunity to obtain regular and restorative sleep.

30. Defendants Cross, Knight, 1203 Entertainment, MDRST and/or Doe Defendants A-E are vicariously liable for the negligent, willful, reckless and/or wanton acts of Hoskins.

31. As a proximate result of one or more of the acts of reckless or malicious or intentional or fraudulent or reckless conduct of the Defendants, Taylor Nixon and Robert Underfinger, III were killed.

32. The damages sought herein, exclusive of interest and costs, are within the jurisdictional limits of this court.

33. In accordance with Texas Law, including but not limited to Tex. Civ. Prac. Rem. Code Ann. §§ 71.002 and 71.021, suit is brought against Defendants for fair, reasonable, and adequate compensation for all the damages sustained by the Plaintiffs, including but not limited to as follows:

A. SHANNON BASEMAN on behalf of the Estate of TAYLOR NIXON, Deceased, seeks the following elements of damage:

a) Conscious physical pain and mental anguish suffered by TAYLOR NIXON prior to his death;

b) Funeral and burial expenses; and

4

Copy

c)   Exemplary damages.

B.   DONNA TAYLOR on behalf of the Estate of ROBERT UNDERFINGER, III, Deceased, seeks the following elements of damage:

a)   Conscious physical pain and mental anguish suffered by ROBERT UNDERFINGER prior to his death;

b)   Funeral and burial expenses; and

c)   Exemplary damages.

C.   SHANNON BASEMAN, Individually, seeks the following elements of damage:

a)   Loss of consortium sustained in the past and future;

b)   Loss of companionship and society sustained in the past and future, due to the death of her son, Taylor Nixon;

c)   Pecuniary loss sustained in the past and future, due to the death of her son, Taylor Nixon;

d)   Mental anguish sustained in the past and future, due to the death of her son, Taylor Nixon;

e)   Loss of inheritance; and

f)   Exemplary damages.

D.   DONNA TAYLOR, Individually, seeks the following elements of damage:

a)   Loss of consortium sustained in the past and future;

b)   Loss of companionship and society sustained in the past and future, due to the death of her son, Robert Underfinger, III;

c)   Pecuniary loss sustained in the past and future, due to the death of her son, Robert Underfinger, III;

d)   Mental anguish sustained in the past and future, due to the death of her son, Robert Underfinger, III;

e)   Loss of inheritance; and

f)   Exemplary damages.

5



WHEREFORE, Plaintiffs pray for judgment against Defendants Hoskins, Cross, Knight, 1203 Entertainment, MDRST, Doe Defendants A-E, separately and severally for all causes of actions listed above as follows:

    a.    Judgment against Defendants jointly and severally for all of Plaintiffs' actual damages, both general and special, as described above

    b.    Exemplary damages pursuant to Tex. Civ. Prac. & Rem. Code § 41.003;

    c.    Pre-judgment and post-judgment interest pursuant to Tex. Rev. Civ. Stat. Ann. art. 5069-1.05;

    d.    Costs of court as authorized by Tex. R. Civ. P. 131; and

    e.    Such other relief to which Plaintiffs may be entitled, both general and special.

## COUNT TWO:

### (Negligence and Recklessness of Defendant Hoskins)

34.    Plaintiffs hereby incorporate the foregoing paragraphs by reference as if fully recited herein.

35.    Defendant Hoskins was negligent and/or reckless in the following ways:

    (a)    failed to operate the vehicle with due care for the safety of Plaintiff;

    (b)    failed to operate the vehicle within the prescribed speed limit;

    (c)    failed to use due care under the circumstances;

    (d)    failed to properly control and maintain the vehicle; and

    (e)    operated the vehicle while fatigued.

36.    Defendant Hoskins was negligent *per se* and reckless in the following ways:

    (a)    He violated Texas Transportation Code Section 545.351 and Section 545.352 by driving over the posted speed limit, specifically for driving between approximately 86 miles per hour in a 75 mile per hour zone.

    (b)    He violated Texas Transportation Code Section 545.401 by operating the vehicle in a a willful and wanton disregard for the safety of others

6

Copy

(d)   He otherwise failed to use due and reasonable care in the driving of a vehicle so as to avoid injury to other persons in violation of the statutes of the State of Texas.

37.   Each of these acts and omissions, singularly or in combination with others, constitutes negligence, negligence per se, and/or recklessness/wantonness/willfulness which proximately caused the death of the Plaintiff Decedents Taylor Nixon and Robert Underfinger and the damages as set out above.

38.   Defendants Cross, Knight, 1203 Entertainment, MDRST, and Doe Defendants A-E are vicariously liable for each of the acts and omissions, singularly or in combination with others, committed by Defendant Hoskins which constitute negligence, negligence per se, and/or recklessness/wantonness/willfulness, and which proximately caused the death of the Plaintiff Decedents Taylor Nixon and Robert Underfinger and the damages as set out in paragraphs 32 and 33 above.

WHEREFORE, Plaintiffs pray for judgment against Defendants Hoskins, Cross, Knight, 1203 Entertainment, MDRST, Doe Defendants A-E, separately and severally for all causes of actions listed above as follows:

a.   Judgment against Defendants jointly and severally for all of Plaintiffs' actual damages, both general and special, as described above

b.   Exemplary damages pursuant to Tex. Civ. Prac. & Rem. Code § 41.003;

c.   Pre-judgment and post-judgment interest pursuant to Tex. Rev. Civ. Stat. Ann. art. 5069-1.05;

d.   Costs of court as authorized by Tex. R. Civ. P. 131; and

e.   Such other relief to which Plaintiffs may be entitled, both general and special.

### COUNT THREE:
### (Negligent Entrustment)

39.   The Plaintiffs hereby incorporate the foregoing material paragraphs as though fully set out herein.

40.   Defendants Cross, Knight, 1203 Entertainment, MDRST, and Doe Defendants A-E were the owner(s) of the van being driven by Defendant Hoskins and did negligently and/or wantonly entrust said van to Defendant Hoskins.

41.   Defendant Hoskins, was incompetent, reckless, inexperienced and/or impaired to operate said vehicle on the occasion complained of by the Plaintiff.

7



42. Defendants Cross, Knight, 1203 Entertainment, MDRST, and Doe Defendants A-E knew or by the exercise of reasonable care, should have known that Defendant Hoskins was incompetent, reckless, inexperienced and/or impaired to operate said van on the occasion complained of by the Plaintiff.

43. Defendants Cross, Knight, 1203 Entertainment, MDRST, and Doe Defendants A-E knew or by the exercise of reasonable care, should have known Defendant Hoskins was fatigued from working long hours for the Defendants.

44. The Plaintiff Decedents, Taylor Nixon and Robert Underfinger were injured and killed as a proximate consequence of the negligence, wantonness, recklessness, incompetence, inexperience and/or impairment of the Defendant Hoskins in concurring with the negligent and/or wanton entrustment of the vehicle to him by Defendants Cross, Knight, 1203 Entertainment, MDRST, and Doe Defendants A-E.

45. As a further proximate result and consequence of the said negligent and/or wanton entrustment by Defendants Cross, Knight, 1203 Entertainment, MDRST, and Doe Defendants A-E the Plaintiff Decedents Nixon and Underfinger were injured, which ultimately caused their deaths and the Estates and Parents were caused to be injured and damaged as set out in paragraphs 32 and 33 above.

WHEREFORE, Plaintiffs pray for judgment against Defendants Hoskins, Cross, Knight, 1203 Entertainment, MDRST, Doe Defendants A-E, separately and severally for all causes of actions listed above as follows:

a. Judgment against Defendants jointly and severally for all of Plaintiffs' actual damages, both general and special, as described above

b. Exemplary damages pursuant to Tex. Civ. Prac. & Rem. Code § 41.003;

c. Pre-judgment and post-judgment interest pursuant to Tex. Rev. Civ. Stat. Ann. art. 5069-1.05;

d. Costs of court as authorized by Tex. R. Civ. P. 131; and

e. Such other relief to which Plaintiffs may be entitled, both general and special.

**COUNT FOUR:**
**(Negligent Supervision/Hiring/Training)**

46. Plaintiffs hereby incorporate by reference each previously stated material paragraph as if fully restated herein.

47. On or about June 16, 2014, the Defendant Hoskins, acting as an employee and or agent of Defendants Cross, Knight, 1203 Entertainment, MDRST, and/or Doe Defendants A-E did negligently, wantonly, and/or recklessly operate the van owned by Defendants Cross, Knight, 1203 Entertainment, MDRST, and/or Doe Defendants A-E causing it to go off the roadway,

8

Copy

rollover several times and ejected both Plaintiff Decedent, Taylor Nixon and Plaintiff decedent Robert Underfinger, passengers in the subject van.

48.     On such date and prior thereto the Defendant Hoskins was unqualified, incapable, incompetent, or impaired, to operate the vehicle owned by Defendants Cross, Knight, 1203 Entertainment, MDRST, and/or Doe Defendants A-E.

49.     Defendants were aware or should have been aware that Defendant Hoskins was unqualified, incapable, incompetent, or impaired to operate the vehicle yet negligently, wantonly, and/or recklessly hired, trained, employed, and/or supervised Defendant Hoskins.

50.     As a direct and proximate result of the negligent, wanton, and/or reckless hiring, training, employment and/or supervision of Defendants Cross, Knight, 1203 Entertainment, MDRST, and/or Doe Defendants A-E, the Plaintiff Decedents Nixon and Underfinger were injured, which ultimately caused their deaths and the Estates and Parents were caused to be injured and damaged as set out in paragraphs 32 and 33 above.

WHEREFORE, Plaintiffs pray for judgment against Defendants Hoskins, Cross, Knight, 1203 Entertainment, MDRST, Doe Defendants A-E, separately and severally for all causes of actions listed above as follows:

a.     Judgment against Defendants jointly and severally for all of Plaintiffs' actual damages, both general and special, as described above

b.     Exemplary damages pursuant to Tex. Civ. Prac. & Rem. Code § 41.003;

c.     Pre-judgment and post-judgment interest pursuant to Tex. Rev. Civ. Stat. Ann. art. 5069-1.05;

d.     Costs of court as authorized by Tex. R. Civ. P. 131; and

e.     Such other relief to which Plaintiffs may be entitled, both general and special.

## COUNT FIVE:
### (Fraud)

51.     Plaintiffs hereby incorporate by reference each previously stated material paragraph as if fully restated herein.

52.     Defendants Cross, Knight, 1203 Entertainment, MDRST represented to Plaintiff Decedents Nixon and Underfinger that they would, by participating in an enterprise with the Defendants, earn money by selling and making music.

53.     Defendants made said representations to Plaintiff Decedents Nixon and Underfinger with knowledge that they were false, but with the intent that Nixon and Underfinger rely upon them.

9



54.     As a proximate result of Plaintiff's reliance on the material, but false, representations of the Defendants, Plaintiff Decedents Nixon and Underfinger were injured, which ultimately caused their deaths and the Estates and Parents were caused to be injured and damaged as set out in paragraphs 32 and 33 above.

WHEREFORE, Plaintiffs pray for judgment against Defendants Hoskins, Cross, Knight, 1203 Entertainment, MDRST, Doe Defendants A-E, separately and severally for all causes of actions listed above as follows:

a.      Judgment against Defendants jointly and severally for all of Plaintiffs' actual damages, both general and special, as described above

b.      Exemplary damages pursuant to Tex. Civ. Prac. & Rem. Code § 41.003;

c.      Pre-judgment and post-judgment interest pursuant to Tex. Rev. Civ. Stat. Ann. art. 5069-1.05;

d.      Costs of court as authorized by Tex. R. Civ. P. 131; and

e.      Such other relief to which Plaintiffs may be entitled, both general and special.

**COUNT SIX:**
**(FLSA Violation)**

55.     Plaintiffs reallege all prior paragraphs as if fully set out here.

56.     During the times relevant to the Complaint, the Defendants employed more than two employees and generated more than $500,000 in revenues.

57.     Defendants were at all relevant time subject to the Fair Labor Standards Act ("FLSA").

58.     At all relevant times the Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods in commerce, within the meaning of FLSA 29 U.S.C. §§ 206 (a) and 207 (a).

59.     The Defendants employed the Plaintiff Decedent Nixon and the Plaintiff Decedent Underfinger as employees within the meaning of FLSA § 203.

60.     The FLSA provides that, with certain exceptions, employers must pay employees minimum wages for all compensable hours worked and overtime of at least one and one-half times their regular rate of pay for any hours over forty worked in a week. 29 U.S.C. §§ 206, 207 (a)(1).

61.     Although the FLSA provides for certain exemptions to the mandates of paying minimum wages and overtime compensation, no exemption applies to the instant matter.

10



62. Plaintiff Decedent Nixon was employed by Defendants from approximately June 1, 2014 through June 16, 2014.

63. Plaintiff Decedent Underfinger was employed by Defendants from approximately June 1 through June 16, 2014.

64. From June 1, 2014 through June 16, 2014, Plaintiff Decedents Nixon and Underfinger routinely worked at least 45 hours per week for Defendants. During this time, Plaintiff Decedents were not paid based on the number of hours worked.

65. Defendants did not pay overtime compensation for any of the hours worked in excess of 40 per week from June 1, 2014 through June 16, 2014 in violation of 29 U.S.C. § 207.

66. Defendants have not inquired with the Department of Labor seeking to establish or affirm that its pay practices were in compliance with the FLSA.

67. Defendants have not inquired with private legal counsel seeking to affirm that its pay practices were in compliance with the FLSA.

68. Due to Defendants' violation of the FLSA, Plaintiffs have suffered damages and are entitled to recover unpaid overtime compensation, liquidated damages, and attorney's fees and costs pursuant 29 U.S.C. § 216 (b).

69. Defendants had a policy and practice of refusing to pay overtime compensation due to its employees for hours worked in excess of 40 per week.

70. The above conduct was willful as to bring Defendants under the FLSA's three-year statute of limitations.

WHEREFORE, Plaintiffs pray for judgment against Defendants Hoskins, Cross, Knight, 1203 Entertainment, MDRST, Doe Defendants A-E, separately and severally for all causes of actions listed above as follows:

a. Judgment against Defendants jointly and severally for all of Plaintiffs' actual damages, both general and special, as described above

b. Exemplary damages pursuant to Tex. Civ. Prac. & Rem. Code § 41.003;

c. Pre-judgment and post-judgment interest pursuant to Tex. Rev. Civ. Stat. Ann. art. 5069-1.05;

d. Costs of court as authorized by Tex. R. Civ. P. 131; and

e. Such other relief to which Plaintiffs may be entitled, both general and special.

11



## COUNT SEVEN:
### (Intentional Infliction of Emotional Distress)

71.     The Plaintiff hereby incorporates the foregoing material paragraphs as though fully set out herein.

72.     At all times material hereto, the conduct referenced hereinabove directed to Plaintiff by the Defendants was intentional or reckless.

73.     The conduct of the Defendants directed to Plaintiff Decedents were so outrageous that it is not tolerated by civilized society.

74.     As a proximate result of the Defendants' conduct toward Plaintiff Decedents, Nixon and Underfinger suffered serious mental injuries.

WHEREFORE, Plaintiffs pray for judgment against Defendants Hoskins, Cross, Knight, 1203 Entertainment, MDRST, Doe Defendants A-E, separately and severally for all causes of actions listed above as follows:

a.      Judgment against Defendants jointly and severally for all of Plaintiffs' actual damages, both general and special, as described above

b.      Exemplary damages pursuant to Tex. Civ. Prac. & Rem. Code § 41.003;

c.      Pre-judgment and post-judgment interest pursuant to Tex. Rev. Civ. Stat. Ann. art. 5069-1.05;

d.      Costs of court as authorized by Tex. R. Civ. P. 131; and

e.      Such other relief to which Plaintiffs may be entitled, both general and special.

## COUNT EIGHT:
### (Doe Defendants)

75.     The Plaintiff hereby incorporates the foregoing material paragraphs as though fully set out herein.

76.     Plaintiff further avers that the negligence and/or wantonness of the Doe Defendants A thru E concurred with the negligence and/or wantonness of the other Defendants to proximately cause the injuries of the Plaintiffs as set forth above.

WHEREFORE, Plaintiffs pray for judgment against Defendants Hoskins, Cross, Knight, 1203 Entertainment, MDRST, Doe Defendants A-E, separately and severally for all causes of actions listed above as follows:

12



a. Judgment against Defendants jointly and severally for all of Plaintiffs' actual damages, both general and special, as described above

b. Exemplary damages pursuant to Tex. Civ. Prac. & Rem. Code § 41.003;

c. Pre-judgment and post-judgment interest pursuant to Tex. Rev. Civ. Stat. Ann. art. 5069-1.05;

d. Costs of court as authorized by Tex. R. Civ. P. 131; and

e. Such other relief to which Plaintiffs may be entitled, both general and special.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants Hoskins, Cross, Knight, 1203 Entertainment, MDRST, Doe Defendants A-E, separately and severally for all causes of actions listed above as follows:

a. Judgment against Defendants jointly and severally for all of Plaintiffs' actual damages, both general and special, as described above

b. Exemplary damages pursuant to Tex. Civ. Prac. & Rem. Code § 41.003;

c. Pre-judgment and post-judgment interest pursuant to Tex. Rev. Civ. Stat. Ann. art. 5069-1.05;

d. Costs of court as authorized by Tex. R. Civ. P. 131; and

e. Such other relief to which Plaintiffs may be entitled, both general and special.

## JURY DEMAND

Plaintiff hereby demands trial by struck jury.

Tracy W. Cary BPR No. 022614

Respectfully submitted on this the 11th day of June, 2015.

MORRIS, CARY, ANDREWS
TALMADGE, & DRIGGERS, LLC

Tracy W. Cary BPR No. 022614
Attorney for Plaintiff
P.O. Box 1649

13



Dothan, Alabama 36302
(334) 702-0000 phone
(334) 673-0077 fax
tcary@mcatlaw.com

## COST BOND

We, Shannon Baseman, individually and as Wrongful Death Representative of the Estate of Taylor Nixon, PO Box 1397, Sundance, WY, Principal; Donna Taylor, individually and as Personal Representative of the Estate of Robert Underfinger, III, 129 Murphree Drive, Andalusia, AL 36420, Principal; and Tracy W. Cary, Esq., 3334 Ross Clark Circle, Dothan, AL 36303, as Surety, are held and firmly bound unto the Circuit Court Clerk of Davidson County, Tennessee, for the payment of all costs awarded against the Principal. To that end, we bind ourselves, our heirs, our executors and administrators.

The Principal is commencing a legal proceeding in the Circuit Court of Davidson County, Tennessee. If the Principal shall all costs which are awarded against them, this obligation is void. If the Principal fails to pay, then the Surety shall undertake to pay all costs adjudged against the Principal. Mandated at *Tenn. Code Ann.* 20-12-120 *et seq.*

Shannon Baseman, Principal
PO Box 1397
Sundance, WY

Donna Taylor, Principal
129 Murphree Drive,
Andalusia, AL 36420

Tracy W. Cary, Surety
3334 Ross Clark Circle
Dothan, Alabama 36303
334-702-0000

14



## PLEASE SERVE DEFENDANTS AS FOLLOWS:

**Via Process Server**
Justin Hoskins
1007 Warren Street
Nashville, TN 37208

Stephanie Cross
1916 Hobart Way
Mount Juliet, TN 37122-7527

Jason Cross aka Mikel Knight
1916 Hobart Way
Mount Juliet, TN 37122-7527

1203 Entertainment, LLC
1222 16th Avenue South, Suite 26
Nashville, Tennessee 37212-2926

MDRST Marketing/Promotions, LLC
1222 16th Avenue South, Suite 26
Nashville, Tennessee 37212-2926

15

Copy

# CIRCUIT COURT SUMMONS

## NASHVILLE, TENNESSEE

STATE OF TENNESSEE
DAVIDSON COUNTY
20TH JUDICIAL DISTRICT
RICHARD R. ROOKER, CLERK

☒ First
☐ Alias
☐ Pluries

Shannon Baseman, individually and as Wrongful Death Represent.

of the Estate of Taylor Nixon; Donna Taylor individually and as

Personal Representative of the Estate of Robert Underfinger

_____ Plaintiff

**CIVIL ACTION
DOCKET NO.** 15C2301

Vs.

Justin Hoskins

1007 Warren Street

Nashville, TN 37208

_____ Defendant

**Method of Service:**

☐ Davidson County Sheriff

☐ Out of County Sheriff

☐ Secretary of State

☐ Certified Mail

☒ Personal Service

☐ Commissioner of Insurance

*DI W/C, Int+Reg*

**To the above named Defendant:**

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: _6/12/15_

**RICHARD R. ROOKER**
Circuit Court Clerk
Davidson County, Tennessee

By: _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | Tracy W. Cary of Morris, Cary, Andrews, Talmadge & Driggers, LLC |
|---|---|
| | P.O. Box 1649 |
| | Address |
| | Dothan, Alabama 36302 |

**TO THE SHERIFF:**

Please execute this summons and make your return hereon as provided by law.

**RICHARD R. ROOKER**
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20____.

_____
**SHERIFF**

 To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.

Copy

**CIRCUIT COURT SUMMONS**         NASHVILLE, TENNESSEE

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20TH JUDICIAL DISTRICT

RICHARD R. ROOKER, CLERK

| | |
|---|---|
| ☒ First | |
| ☐ Alias | |
| ☐ Pluries | |

Shannon Baseman, individually and as Wrongful Death Represent.

of the Estate of Taylor Nixon; Donna Taylor individually and as

Personal Representative of the Estate of Robert Underfinger

Plaintiff

**CIVIL ACTION DOCKET NO.** 15C2301

Vs.

Stephanie Cross

1916 Hobart Way

Mt. Juliet, TN 37122-7527

Defendant

**Method of Service:**

☐ Davidson County Sheriff

☐ Out of County Sheriff

☐ Secretary of State

☐ Certified Mail

☒ Personal Service

☐ Commissioner of Insurance

D2 W/C, Int & Rog

**To the above named Defendant:**

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: _____6/12/15_____

**RICHARD R. ROOKER**
Circuit Court Clerk
Davidson County, Tennessee

By: _____
Deputy Clerk

| **ATTORNEY FOR PLAINTIFF** or **PLAINTIFF'S ADDRESS** | Tracy W. Cary of Morris, Cary, Andrews, Talmadge & Driggers, LLC |
|---|---|
| | P.O. Box 1649 |
| | Address |
| | Dothan, Alabama 36302 |

**TO THE SHERIFF:**

Please execute this summons and make your return hereon as provided by law.

**RICHARD R. ROOKER**
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20____.

_____
**SHERIFF**

♿ To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.

Copy

**STATE OF TENNESSEE**
**DAVIDSON COUNTY**
**20TH JUDICIAL DISTRICT**

RICHARD R. ROOKER, CLERK

Shannon Baseman, individually and as Wrongful Death Representative

of the Estate of Taylor Nixon; Donna Taylor individually and as

Personal Representative of the Estate of Robert Underfinger

Plaintiff

**Vs.**

Jason Cross aka Mikel Knight

1916 Hobart Way

Mt. Juliet, TN 37122-7527

Defendant

| | |
|---|---|
| **CIVIL ACTION** | |
| DOCKET NO. | 15C2301 |
| D.C. | |

**Method of Service:**

☐ Davidson County Sheriff

☐ Out of County Sheriff

☐ Secretary of State

☐ Certified Mail

☒ Personal Service

☐ Commissioner of Insurance

D3 w/C, Int #Pg

**To the above named Defendant:**

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

**ISSUED:** _____6/12/15_____

**RICHARD R. ROOKER**
Circuit Court Clerk
Davidson County, Tennessee

**By:** _____
Deputy Clerk

| **ATTORNEY FOR PLAINTIFF** or **PLAINTIFF'S ADDRESS** | Tracy W. Cary of Morris, Cary, Andrews, Talmadge & Driggers, LLC |
|---|---|
| | P.O. Box 1649 |
| | Address |
| | Dothan, Alabama 36302 |

**TO THE SHERIFF:**

Please execute this summons and make your return hereon as provided by law.

**RICHARD R. ROOKER**
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20____.

**SHERIFF**

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.

**Copy**

STATE OF TENNESSEE   F I L E D
DAVIDSON COUNTY   2015 JUN 12 PM 12: 37
20TH JUDICIAL DISTRICT
RICHARD R. ROOKER, CLERK

☒ First
☐ Alias
☐ Pluries

Shannon Baseman, individually and as Wrongful Death Represent. of the Estate of Taylor Nixon; Donna Taylor individually and as Personal Representative of the Estate of Robert Underfinger

CIVIL ACTION DOCKET NO.   15C2301

_____ Plaintiff

**Vs.**

1203 Entertainment, LLC

1222 16th Ave., South Suite 26

Nashville, TN 37212-2926

_____ Defendant

**Method of Service:**

☐ Davidson County Sheriff
☐ Out of County Sheriff
☐ Secretary of State
☐ Certified Mail
☒ Personal Service
☐ Commissioner of Insurance

D4 w/C, Int & Rg

**To the above named Defendant:**

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED:   6/12/15

**RICHARD R. ROOKER**
Circuit Court Clerk
Davidson County, Tennessee

**By:** _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | Tracy W. Cary of Morris, Cary, Andrews, Talmadge & Driggers, LLC |
| --- | --- |
| | P.O. Box 1649 _Address_ |
| | Dothan, Alabama 36302 |

**TO THE SHERIFF:**

Please execute this summons and make your return hereon as provided by law.

**RICHARD R. ROOKER**
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20___.

_____
**SHERIFF**

 To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.

Copy

**CIRCUIT COURT SUMMONS**

NASHVILLE, TENNESSEE

**STATE OF TENNESSEE**
**DAVIDSON COUNTY**
**20TH JUDICIAL DISTRICT**

FILED
2015 JUN 12 PM 12: 38
RICHARD R. ROOKER, CLERK

Shannon Baseman, individually and as Wrongful Death Represt.
of the Estate of Taylor Nixon; Donna Taylor individually and as
Personal Representative of the Estate of Robert Underfinger

Plaintiff

CIVIL ACTION
DOCKET NO. 15 C 2301
D.C.

Vs.

MDRST Marketing/Promotions LLC

1222 16th Ave., South Suite 26

Nashville, TN 37212-2926

Defendant

Method of Service:

- [ ] Davidson County Sheriff
- [ ] Out of County Sheriff
- [ ] Secretary of State
- [ ] Certified Mail
- [X] Personal Service
- [ ] Commissioner of Insurance

DS W/C, Int & Rq

**To the above named Defendant:**

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 6/12/15

**RICHARD R. ROOKER**
Circuit Court Clerk
Davidson County, Tennessee

By: _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | Tracy W. Cary of Morris, Cary, Andrews, Talmadge & Driggers, LLC |
| --- | --- |
| | P.O. Box 1649 Address |
| | Dothan, Alabama 36302 |

**TO THE SHERIFF:**

Please execute this summons and make your return hereon as provided by law.

**RICHARD R. ROOKER**
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20___.

_____
**SHERIFF**

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.